417 F.2d 282
 UNITED STATES of America ex rel. Clifford BROWN
v.
Alfred T. RUNDLE, Superintendent, State Correctional Institution at Graterford, Pennsylvania,
Commonwealth of Pennsylvania, on behalf of A. T. Rundle, Warden, Appellant.
 No. 17229.
 United States Court of Appeals Third Circuit.
 Argued October 22, 1968.
 Decided March 3, 1969.
 Reargued Before Original Panel May 23, 1969.
 Decided September 26, 1969.
 
 Robert F. Cox, Asst. Dist. Atty., Philadelphia, Pa., for appellant (Welsh S. White, Asst. Dist. Atty., Michael J. Rotko, Asst. Dist. Atty., Chief, Appeals Div., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief). Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa., (on rehearing).
 John H. Lewis, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., for appellee.
 Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 HASTIE, Chief Judge.
 
 
 1
 This is an appeal from a judgment granting habeas corpus to the appellee Brown, a state prisoner. The writ was granted on the ground that the evidence upon which Brown was convicted included a gun and testimony that it had been found in Brown's car, and that this evidence had been obtained by unlawful search and seizure.
 
 
 2
 The state trial court, sitting without a jury, had found Brown guilty of the crimes of aggravated robbery, burglary, conspiracy and carrying concealed deadly weapons. Concurrent sentences were imposed, the most severe of which was a sentence of not less than five and not more than twenty years on the aggravated robbery charge.[1] The gun and the testimony concerning its discovery related to the crime of robbery since the gun was the only article alleged to have been stolen.
 
 
 3
 We assume for purposes of this appeal that the court below was correct in its conclusion that the gun had been illegally discovered and seized, although the evidence concerning the circumstances of its discovery and seizure is far from clear. We focus our attention upon the question whether the error in admitting evidence, though found to be of constitutional dimensions, "was harmless beyond a reasonable doubt." Chapman v. California, 1967, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705.
 
 
 4
 The alleged victim of the robbery was a bartender. According to his testimony, the appellee and two companions entered the bar, ostensibly as patrons. Somewhat later, Brown and one companion jumped over the bar and attacked him while the third member of the group held the other customers at bay. He also testified that in the struggle Brown dropped a revolver from his pocket, while the bartender managed to draw his own revolver and fire one shot. Brown succeeded in wrenching the bartender's gun from his hand, after which Brown fled, accompanied by his companions and taking the bartender's gun with him.
 
 
 5
 This and other testimony for the prosecution warranted an inference that the affray occurred in an attempted holdup. Brown's defense was that the fight resulted solely from insulting epithets by the bartender. The judge concluded that the affray was an attempted holdup and indicated from the bench that his decision was influenced by the fact that Brown was carrying a revolver.
 
 
 6
 The bartender's story about what happened to his own gun was corroborated by Brown himself when he took the stand in his own defense. He told of the bartender drawing his gun, of the ensuing struggle, of the firing of the gun and of his own flight with the gun in his hand. He explained his flight as the result of panic induced by the bartender's armed assault. He also testified that he himself was carrying two loaded revolvers.
 
 
 7
 For present purposes the important items of evidence are the bartender's testimony that Brown wrenched his gun from him and fled with it and Brown's own testimony corroborating that part of the bartender's story. With this testimonial agreement that Brown forcibly deprived the bartender of his gun and carried it away with him, the now challenged additional testimony of finding the gun in Brown's car and the introduction of the gun itself in evidence served to prove nothing of significance that was not already in evidence and soon thereafter confirmed by Brown himself. And since the bartender had been clear and explicit in his description of the affray, there is no logical basis for any claim that it was the additional introduction of the gun and the testimony as to its discovery in Brown's car that made it necessary for Brown to admit and explain his seizure of the weapon and flight with it.
 
 
 8
 We add that the trier of fact was not a lay jury but a professional judge, whose training and experience in the analysis and evaluation of evidence must have caused him to realize that any inference from the finding of the gun in Brown's car was not needed and added no weight to the decisive eyewitness testimony given by both the prosecuting witness and the accused that Brown had taken the gun.
 
 
 9
 Thus, on the trial record we find, in the language of the Chapman case, "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." 386 U.S. at 24, 87 S.Ct. 824, at 828. Cf. United States ex rel. O'Callahan v. Parker, 3d Cir. 1968, 390 F.2d 360, cert. granted on a different point, 393 U.S. 822, 89 S.Ct. 177, 21 L.Ed.2d 93; United States v. Reed, 7th Cir. 1968, 392 F.2d 865; Lockett v. United States, 9th Cir. 1968, 390 F.2d 168.
 
 
 10
 Other grounds for habeas corpus were urged in the court below. On the record we are satisfied that none of them entitles the prisoner to relief.
 
 
 11
 The judgment will be reversed.
 
 ON REARGUMENT
 
 12
 On first hearing of this appeal we decided that there was no constitutional infirmity in the procedure which resulted in the conviction of the appellant in a state court on a charge of aggravated robbery. Reargument and reconsideration have not changed our view that the conviction must stand.
 
 
 13
 However, on reargument it also has strongly been urged that the way in which the state trial judge determined what punishment to impose was fundamentally unfair and requires a vacating of the resulting 5 to 20 year sentence.
 
 
 14
 The record of the hearings on the issue of sentence shows that the sentencing judge gave weight to matters appearing in an alleged confession that was not admitted in evidence during the trial and that the court did so despite a defense objection made on the ground that the alleged confession was obtained in such manner as to make it constitutionally invalid. The court explicitly stated and ruled that although the alleged confession might not be admissible as trial evidence, it could be considered in determining an appropriate sentence. The court further explained the damaging use it proposed to make of the alleged confession, saying: "and when he tells the police one story, gets on the stand and tells another, and maintains the other story, I think we have a right to take into consideration these varied stories, if only to determine that they are inconsistent."
 
 
 15
 The trial court was mistaken in its view of controlling constitutional law. In United States ex rel. Rivers v. Myers, 3d Cir. 1967, 384 F.2d 737, this court held that sentencing procedure did not satisfy due process requirements when a confession, constitutionally inadmissible in evidence, was part of the data used by the court in determining the severity of the sentence. We adhere to that ruling. Its application here requires that we adjudge the sentence imposed upon the defendant constitutionally invalid, preserving to the trial court the privilege of resentencing the appellant without the use of any alleged confession, the constitutional admissibility of which has not been established.
 
 
 16
 We are also concerned that the sentencing judge relied and, as we read the record, relied heavily on a statement in a presentence report that the appellant had said to the presentence investigator: "I should have killed the son of a bitch [meaning the person assaulted during the robbery]." At the presentence hearing the appellant denied having made any such statement. The court then said: "I am going to get the probation officer in here and have him tell me whether or not this man said it * * *." However, the trial judge later changed his mind and at a subsequent hearing on the matter of sentence announced that such interrogation of the investigator "might serve no purpose and might set a dangerous precedent." Accordingly, the alleged statement to the investigator was used as most damaging evidence of the character and persisting attitude of the appellant.
 
 
 17
 Generally, there is no legal requirement that an investigator be called into open court to verify statements of fact in his presentence report. But when the matter alleged is an obviously significant and very damaging purported statement of the defendant to the investigator and the defendant denies having made that statement we think fundamental fairness requires that the court either disregard the statement or permit the defendant to confront and cross-examine the investigator in open court. We repeat that this is not a ruling applicable to the general run of factual statements in presentence reports. Rather it is limited to special and extraordinary circumstances such as are exemplified in this case.
 
 
 18
 So much of the judgment of the district court as invalidated the appellant's conviction will be reversed. But, at the same time, the cause will be remanded to the district court with instructions to enter an order requiring the appellant's release from custody unless the state trial court within a specified reasonable time shall resentence him solely upon the basis of procedure and data, the use of which satisfies the constitutional requirement of due process of law.
 
 
 
 Notes:
 
 
 [1]
 Two co-defendants were convicted on less than all of the charges and received less severe sentences