UNITED STATES of America,
Appellee,

v.

Ted Lewis JOHNSON, Jr.,
Appellant.

No. 73-1740.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1974.

Decided March 27, 1974.

Fred Warren Bennett, Washington, D. C. (Court-appointed counsel), for appellant.

Paul Trible, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and FIELD, Circuit Judges.

CRAVEN, Circuit Judge:

In this appeal from a conviction of bank robbery, we think only two of the four issues briefed merit discussion.

I.

■ Appellant Johnson assigns error in the failure and refusal of the trial judge to give the so-called· *Telfaire* instruction on the question of identification. United States v. Telfaire, 152 U. S.App.D.C. 146, 469 F.2d 552 (1972). In a case argued on appeal the same day as this one, United States v. Holley (4th Cir. 1974), we have adopted the *Telfaire* rule but have adopted it prospectively. We, therefore, hold that at the time Johnson sought a *Telfaire* instruction the refusal to give it was not reversible error. Moreover, the instruction that was given by the district judge was fair and specifically informed the jury that "the most important issue is the element of identity." United States v. Levi, 405 F.2d 380 (4th Cir. 1968). Even so, we would be inclined to reverse as in *Holley* were it not for circumstances greatly reducing the possibility of misidentification.

Johnson was identified by a customer in a barber shop, McCree, who saw the robbers as they walked past the shop, which was adjacent to the bank. McCree testified that as Johnson walked past the plate-glass window of the barber shop he stopped and looked directly into the shop. The look on Johnson's face was so unusual that McCree immediately and correctly concluded that the bank was about to be robbed. As the robbers left the bank, McCree observed them from inside the barber shop and then followed them down the sidewalk until he was threatened with a weapon by the man he later identified as Johnson. Within less than a month McCree identified a photograph of the defendant from a group of photographs exhibited to him by FBI agents. Later he picked Johnson from a lineup. This identification testimony is more convincing than that in *Holley*, and in addition, there is some degree of corroborating circumstantial evidence. The alleged getaway car had on it four latent fingerprints of Johnson. Moreover, Johnson's behavior in the use of fictitious names and flight to avoid prosecution was incriminating.

## II.

The district judge disclosed the prior convictions of the defendant appearing in the presentence report. In doing so he complied with our decision in Baker v. United States, 388 F.2d 931 (4th Cir. 1968), and with the express language of Fed.R.Crim.P. 32(c)(2) that the trial judge may disclose "all or part . . . ." His failure to disclose more is not reversible error. But we reiterate, as we said in United States v. Knupp, 448 F.2d 412 (4th Cir. 1971) (en banc), that disclosure when requested should be favored in order that the appearance of justice will be fostered and respect for the administration of the law increased.

In United States v. Bryant, 143 U.S. App.D.C. 53, 442 F.2d 775, cert. denied, 402 U.S. 932, 91 S.Ct. 1534, 28 L.Ed.2d 866 (1971), the Court of Appeals for the District of Columbia took half a step in

the direction of disclosure. Adhering to the language of Fed.R.Crim.P. 32(c)(2), that court affirmed the discretion of the district judge but required that the exercise of discretion must appear on the face of the record. We do not go so far, but once again, we urge the district judges in this circuit to adopt, voluntarily, a policy of routinely releasing the contents of presentence reports in their entirety, subject to exception only for confidential matter that can reasonably be expected to adversely affect the defendant, or harm others, or substantially impede the administration of justice.

Affirmed.