WILLIAM EDGAR BOSWELL, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 8117

May 13, 1975                    534 P.2d 1263

*William Edgar Boswell,* in *pro per,* Carson City, for Appellant.

*Robert List,* Attorney General, *Robert A. Groves,* Chief Deputy Attorney General, and *Michael Fondi,* District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

William Edgar Boswell, after pleading guilty to second degree murder, was sentenced on November 15, 1956, to serve "not less than 10 years nor more than life." Parole, granted in 1966, was revoked in 1973. Thereafter, Boswell filed an in *pro per* petition for habeas corpus contending, *inter alia,* the actions of the parole board in the revocation proceedings violated his constitutional rights.

The district court neither processed the petition nor ordered a return thereto; and, without hearing or appointment of counsel, summarily denied habeas relief. An appeal has been perfected. Having reviewed the record we, *sua sponte*, conclude the summary action by the district court constitutes reversible error.[1]

Parole revocation proceedings involve the loss of "limited freedom" and such loss is sufficiently "grievous" to come within the Due Process Clause of the Fourteenth Amendment. Morrissey v. Brewer, 408 U.S. 471 (1972).

Whether Boswell was afforded the Due Process procedural protections contemplated by, and delineated in, *Morrissey* was not considered by the trial court, even though the allegations contained in the habeas petition raised the issues. Under such circumstances, the district judge should have granted the writ without delay (see NRS 34.390 et seq.; NRS 34.430 et seq.); and, his failure to do so compels us to reverse and remand. The First Judicial District Court, Carson City, is instructed: (1) to issue the writ forthwith; (2) to order a return thereto; (3) to appoint counsel; and, (4) pursuant to NRS 34.460, grant an immediate hearing and resolve the allegations set forth in the petition for habeas corpus.

Remittitur shall issue forthwith.

---

[1]Mr. Justice Batjer took no part in the deliberation of this case.