318 So.2d 526 (1975)
John Joseph GUGLIELMO, Appellant,
v.
STATE of Florida, Appellee.
No. W-515.
District Court of Appeal of Florida, First District.
September 10, 1975.
Richard W. Ervin, III, Public Defender, and Judith A. Dougherty, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was convicted on one count of breaking and entering with intent to commit grand larceny and one count of grand larceny. He appeals from the judgments and sentences contending that the trial court erred in not providing him with a copy of the factual, physical and/or mental evaluations contained in the presentence investigation report a reasonable time before sentencing as required by Rule 3.713(b) F.R.Cr.P. When appellant came before the court for sentencing, he was asked by the court, "Do you or anyone in your behalf have legal cause to show why sentence should not be pronounced?" In response to that question, appellant's attorney objected on the grounds that he had not been furnished a copy of the presentence investigation. The court then furnished him with a copy of the presentence investigation and declared a recess for appellant and his attorney to go over it. Following the recess, the court again asked the question, "Do you or anyone in your behalf have any legal cause to show why sentence should not be pronounced?" to which appellant's attorney answered, "None advanced at this time, your honor." The aforesaid rule states that the material *527 required to be disclosed to the defendant and the state shall be disclosed "a reasonable time prior to sentencing." While we do not consider that the day of sentencing is a reasonable time prior to sentencing for the material to be disclosed, it appears from the record in this case that appellant was satisfied to proceed with sentencing after reading the report. Had appellant then desired additional time, he could have requested that sentencing be deferred; but he did not do so  his words indicated that he was ready to proceed. We, therefore, find no error.
We have considered appellant's two additional points raised in this appeal but find them to be without merit. See Wilson v. State, Fla., 304 So.2d 119 (1974); Bunch v. State, Fla.App. (1st), 303 So.2d 705 (1974); and Estevez v. State, Fla., 313 So.2d 692 (1975).
Affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.