BLAIR PETER HEIDMARK, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 8119

September 29, 1975                    540 P.2d 111

*Horace R. Goff,* State Public Defender, and *Michael R. Griffin,* Deputy, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Blair Peter Heidmark, after pleading guilty to a felony charge of burglary (NRS 205.060), was sentenced, in January 1974, to a five year term in the Nevada State Prison.

On December 24, 1974, Heidmark filed an in *pro per* petition for post-conviction relief contending, *inter alia,* that (1) at sentencing the trial judge relied on false and erroneous information contained in the presentence report; (2) the report was not divulged to petitioner or his counsel prior to or at the time of the imposition of the sentence; and, (3) he had no opportunity to refute or deny the false information contained in the report.

The district court, without conducting an evidentiary hearing, summarily denied the petition January 2, 1975. In this appeal Heidmark contends the lower court's refusal to afford him an evidentiary hearing constitutes reversible error. In the factual pattern presented, we are constrained to agree.

The district court order denying relief was premature. NRS 176.156(1) provides in part, that the sentencing "court *shall disclose* to the district attorney and *to counsel for the defendant, . . . the factual content of the report of the presentence investigation . . . and afford an opportunity to each party to comment thereon.*" [Emphasis added.]

The allegations contained in Heidmark's petition, and the exhibit attached thereto, are not refuted in the record and, if true, may well entitle him to relief. United States v. Tucker, 404 U.S. 443 (1972). Cf. Vaillancourt v. Warden, 90 Nev. 431, 529 P.2d 204 (1974). See also, Boswell v. Warden, 91 Nev. 284, 534 P.2d 1263 (1975); Garcia v. Warden, 91 Nev. 492, 538 P.2d 160 (1975).

Under these circumstances we reverse and remand with instructions to resolve Heidmark's allegations in light of the trial court's transcripts, and in light of such other evidence as either party may adduce upon evidentiary hearing. See NRS 177.365(1) and (2).