**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Harold N. BERNSTEIN,**
**Defendant-Appellant.**

**No. 76–2648**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1977.

Samuel Berman, Pompano Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Charles O. Farrar, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

Defendant-appellant Bernstein, a physician, was indicted on seventy-nine counts of

---

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.* 5 Cir., 1970, 431 F.2d 409, Part I.

Medicare fraud. After plea negotiations, he pleaded guilty to fifteen misdemeanor counts. He was sentenced to serve sixty days in jail, followed by three years' probation. After sentencing, substituted counsel moved pursuant to F.R.Crim.P. 35 for reduction of sentence. From denial of this motion, Bernstein appeals, raising two general grounds of error: (1) substituted counsel was allegedly not allowed to see the presentence report; and (2) the sentencing court failed to consider various factors such as the "miniscule" amount of money involved, the advantages of imposing volunteer service rather than jail time, and defendant's exposure to extrajudicial punishments from his profession.

■ Bernstein's trial counsel was permitted to inspect the presentence report and at the sentencing hearing informed the court that the report was correct in all respects. After sentence was imposed, appellant retained new counsel to file a motion to reduce sentence, Fed.R.Crim.P. 35. The trial court did not allow appellant's new counsel to see the presentence report and denied the Rule 35 motion. Appellant complains of this failure to disclose his presentence report at the time of the Rule 35 motion. Rule 32(c)(3)(A) states that "[b]efore imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation . . . ." Fed.R.Crim.P. 32(c)(3)(A). The Rule requires disclosure of the presentence report *before* sentencing and was complied with by the trial court. It was not error to refuse to disclose the presentencing report to new counsel *after* sentence had been imposed.

■ As for appellant's complaints about his punishment, "A sentencing court exercises broad discretion which is not subject to appellate review 'except when arbitrary or capricious action amounting to a gross abuse of discretion is involved.'" *United States v. Gamboa,* 543 F.2d 545, 546 (5 Cir. 1976). The sixty-day jail term followed by three years' probation was well below the maximum sentence Bernstein could have received. The transcript of the sentencing hearing shows that the trial court carefully considered appellant's lack of a prior record, his previous and probable future service to his community, and the likelihood of extrajudicial sanctions.

Appellant entirely fails to show any such gross or outrageous abuse of sentencing discretion as would warrant a modification or vacation of the sentence by this court.

AFFIRMED.