J-S43012-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BRANDON MCGUIRE | : | |
| | : | |
| Appellant | : | No. 253 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 18, 2019
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000522-2018

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY SHOGAN, J.: FILED DECEMBER 11, 2020

Michael Brandon McGuire, Appellant, appeals from the judgment of sentence entered on November 18, 2019.[1] Following negotiations between Appellant and the Warren County District Attorney, Appellant pled guilty to one count of Strangulation–Applying Pressure to the Throat or Mouth and one count of Simple Assault.[2] After careful review, we affirm.

The trial court set forth the following factual and procedural background.

> On December 10, 2018, [Appellant] questioned his pregnant wife ("Victim") about an alleged affair she was having with another man. Upon Victim's denial of the alleged affair, [Appellant] repeatedly punched her in the head and face, choked her around

_____

[1] Appellant incorrectly stated that he was appealing from the court's denial of his post-sentence motion, filed on January 24, 2020. Appellant is actually taking his appeal from the amended judgment of sentence, filed on November 18, 2019. The caption has been corrected accordingly.

[2] 18 Pa.C.S. §§ 2718(a)(1), 2701(a)(1), respectively.

the neck, and attempted to tape her mouth shut. When the tape would not stick to her face, he repeatedly kicked her in the stomach, poured honey over her head, and cut her jacket with scissors.

On December 18, 2018, the Commonwealth charged [Appellant] with one (1) count of Strangulation–Applying Pressure to the Throat or Neck, one (1) count Strangulation–Blocking the Nose and Mouth of a Person, one (1) count Simple Assault, one (1) count Harassment, and one (1) count Aggravated Assault of an Unborn Child. The same day a Protection From Abuse ("PFA") was ordered against [Appellant]. On January 7, 2019, [Appellant] posted bail and was released from Warren County Jail and within two (2) hours of his release, [Appellant] contacted Victim, in violation of the PFA [order]. [Appellant] was found in contempt after a PFA violation hearing held on January 24, 2019.

On September 12, 2019, while represented by Brian D. Arrowsmith, Esq., [Appellant] entered a plea of guilty to one (1) count of Strangulation–Applying pressure to Throat or Neck and one (1) count Simple Assault. The Commonwealth moved to nolle prosqui the remaining three (3) charges. On November 8, 2019, [Appellant] was sentenced in the aggregate for a minimum of forty (40) months to a maximum of eighty (80) months in a State Correctional Institution with two hundred and fifty-five (255) days of credit for time served. The [c]ourt sentenced [Appellant] in the aggravated range of the sentencing guidelines based upon the fact that [Victim] was pregnant and [Appellant] kicked her repeatedly in the stomach as well as the overall brutal nature of the assault. At the time of sentencing, the [c]ourt indicated that [Appellant] was Boot Camp eligible at the Counts with respect to the aggregate sentence.

\* \* \*

On November 15, 2019, [Appellant's] counsel began to correspond with Attorney Robert C. Greene and Judge Gregory Hammond via e-mail by sending a proposed Post-Sentence Motion regarding [Appellant's] Boot Camp eligibility. District Attorney Greene responded via e-mail that the Commonwealth had no objection to the motion requesting that the statutory limit for Boot Camp eligibility be waived. On November 18, 2019, the [c]ourt filed an Amended Sentence waiving the three (3) year maximum sentence statutory limit. District Attorney Greene contacted

[Appellant's] counsel, Judge Hammond, and Victim Witness Coordinator, Jennifer Hannold, via e-mail advising that Victim was opposed to [Appellant] being Boot Camp eligible. [Appellant's] Post-Sentence Motion for Clarification of Boot Camp Eligibility was then filed. Later that day, the [c]ourt filed a Second Amended Sentence indicating that [Appellant] was not Boot Camp eligible.

On December 2, 2019, [Appellant] filed a Motion for Reconsideration/Motion for Hearing requesting argument to perfect the record. On January 24, 2020, a hearing was held on [Appellant's] Motion and the Motion was denied with the [c]ourt clarifying that [Appellant] was not Boot Camp eligible. [Appellant's] Notice of Appeal was filed in February 20, 2020 and his Concise Statement of Matters Complained of on Appeal was filed on March 17, 2020.

Trial Court Opinion, 4/6/20, at 1-3 (footnotes omitted).

Appellant presents the following questions for our review:

[1.] Whether the Sentencing Court relied upon impermissible consideration in the imposition of sentence and in doing so violated Appellant's right to due process[?]

[2.] Whether the Trial Court abused its discretion in imposition of sentence[?]

Appellant's Brief at 4.

In support of his first issue, Appellant argues that the court erred when it considered a piece of new information, namely an email from the District Attorney, Rob Greene, Esquire, informing the court that Victim told a victim's advocate that she was opposed to Appellant attending boot camp.[3]

_____

[3] Counsel for Appellant, Brian D. Arrowsmith, was also included in the email from the District Attorney regarding Victim's opposition to Appellant's boot-camp eligibility. As the trial court noted in its opinion, the parties had been communicating about Appellant's boot-camp eligibility prior to the email sent

Appellant's Brief at 17. Appellant acknowledges that a sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." Id. at 16 (quoting Commonwealth v. Schwartz, 418 A.2d 637 (Pa. Super. 1980)). Appellant argues, however, that the information relied upon by the sentencing court was "ex parte communication containing unsubstantiated hearsay upon hearsay upon hearsay from an unknown/unnamed source that was made outside of the record." Appellant's Brief at 18. Appellant further avers that the information contained in that email was the only information the court relied upon when it found Appellant was ineligible for boot camp. Id.

Our standard of review in sentencing matters is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error of judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Garcia-Rivera, 983 A.2d 777, 780 (Pa. Super. 2009). Further, to the extent Appellant is arguing that the sentencing court improperly relied on hearsay, we note:

_____

by the District Attorney informing Appellant and the court that Victim opposed boot camp. Trial Court Opinion, 4/6/20, at 3.

> Hearsay testimony is precisely the type of evidence which is the right of a court in sentencing to consider even though such information is obtained outside the courtroom from persons whom the defendant has not been permitted to confront or cross-examine. Significantly, the admission of hearsay in sentencing proceedings, especially those which do not involve a capital crime, is a common occurrence. In fact, sentencing courts as a matter of course, consider hearsay in nearly every sentencing case since pre-sentence investigations are routinely ordered and considered by the court and a pre-sentence report is the very definition of hearsay, i.e., the report is a report by a probation officer reciting other person's out-of-court statements offered for their truth.

Commonwealth v. Medley, 725 A.2d 1225, 1230 (Pa. Super. 1999).

Appellant cites several cases supporting his argument that the sentencing court relied upon impermissible factors when it considered the email sent by the district attorney. Appellant's Brief at 16. The cases upon which Appellant relies, however, are factually distinct and do not support his argument. For example, Commonwealth v. Bethea, 379 A.2d 102 (Pa. 1977), provides no support for Appellant's appeal because the improper information upon which the court relied was the fact that the defendant chose to go to trial instead of taking a plea. Appellant's reliance upon Commonwealth v. Karash, 452 A.2d 528 (Pa. Super. 1982), where the sentencing court looked to television and newspaper stories about the appellant's attempted escape, although he had not been convicted, when it determined appellant's sentence, is similarly unpersuasive because it is so factually distinct from the instant case. Finally, Commonwealth v. Schwartz, 418 A.2d 637 (Pa. Super. 1980), does not provide support for Appellant's argument because in that case the sentencing court relied upon

ex parte communications supplied by the Pennsylvania State Police stating that the appellant was one of the largest narcotic dealers in State College.

In the instant case, after learning Victim was opposed to Appellant entering boot camp, the Commonwealth sent an email to the court and Appellant's attorney, advising them of the same. Prior to learning that information, the sentencing court believed Victim had agreed to boot camp for Appellant. Trial Court Opinion, 4/6/20, at 8. After learning of Victim's opposition to Appellant's boot-camp eligibility, the court entered a second amended sentence, in which it found Appellant was not eligible for boot camp. Second Amended Sentence, 11/18/19. Appellant then filed a motion for reconsideration/rehearing on December 2, 2019.[4]

The court held a hearing on January 24, 2020, which it stated was the full and final argument regarding Appellant's boot-camp eligibility. Trial Court Opinion, 4/6/20, at 9. At the hearing, the district attorney took full responsibility for the Commonwealth's error in failing to consult with Victim

_____

[4] The sentencing court handed down its second amended sentencing order on Monday, November 18, 2019. Appellant had 10 days to file a post-sentence motion pursuant to Pa.R.Crim.P. 720 (A)(1). Thanksgiving, a legal holiday, fell on November 28, 2019. Although the day following Thanksgiving is not a legal holiday, our Supreme Court has regularly issued an order closing the Pennsylvania courts the day following Thanksgiving. Such an order was issued in 2019 and the Pennsylvania courts were closed on November 29, 2019; thus Appellant's motion was timely filed on December 2, 2019. While we will treat the motion as timely filed, we note that this practice is not strictly compliant with 1 Pa.C.S. § 1908, which states that "any day made a legal holiday by the laws this Commonwealth or of the United States" shall be omitted from the computation of time. 1 Pa.C.S. § 1908.

regarding her position on Appellant's eligibility for boot camp. N.T., 1/24/20, at 11-12. The district attorney further stated that the victim's advocate was present at the hearing and "did everything right" and that she advised the district attorney that Victim was opposed to Appellant attending boot camp. Id. at 12. The district attorney further stated that before he learned of Victim's opposition to boot camp, he was not opposed to boot camp for Appellant, but after learning of Victim's opposition, the Commonwealth changed its recommendation. Id. at 13.

At the conclusion of the hearing, the trial court reviewed its earlier sentence and discussed its reasoning for sentencing Appellant to forty to eighty months of incarceration for his crimes, including that Victim was pregnant at the time of the assault, Appellant kicked her in the stomach, attempted to humiliate her, and Appellant had contact with Victim in direct violation of a PFA order.[5] N.T., 1/24/20, at 19. The court also noted that it was not the charges against Appellant that rendered him ineligible for boot camp, but rather the length of his sentence.[6] Id. Based upon all of the above

_____

[5] 23 Pa.C.S. § 6101, et seq.

[6] An inmate is eligible for boot camp where "A person sentenced to a term of confinement under the jurisdiction of the Department of Corrections who is serving a term of confinement, the minimum of which is not more than two years and the maximum of which is five years or less." 61 Pa.C.S.§ 3903. However, "[t]he prosecuting attorney, in the prosecuting attorney's sole discretion, may advise the court that the Commonwealth has elected to waive the eligibility requirements of this chapter if the victim has been given

and Victim's input that she opposed boot camp, the court found that Appellant was not eligible for boot camp. Id. at 21-22; Order, 1/24/20.

To the extent the court relied on Victim's opposition to boot camp in reaching its decisions, as this Court noted in Medley, the hearsay at issue in the instant case is not the sort of "unsubstantiated hearsay" criticized in previous cases. Medley, 725 A.2d at 1225. Indeed as discussed above, this sort of information is precisely the type of information that a court would have considered and "the [sentencing] court is not bound by the restrictive rules of evidence properly applicable to trials." Id. at 1229. Appellant has failed to show that the sentencing court erred when it found he was not eligible for boot camp based upon the length of his sentence and Victim's opposition to Appellant attending boot camp. Appellant is due no relief on this issue.

In support of his second issue, Appellant argues that the trial court abused its discretion in the imposition of sentence because it sentenced him to a sentence in the aggravated range. Appellant's Brief at 19. Specifically, Appellant avers that the court erred when it "purported to accept dismissal of several charges," however the court "ultimately reached a conclusion that Appellant should be sentenced as if convicted of all charges." Id. at 20. He

_____

notice of the prosecuting attorney's intent to waive the eligibility requirements and an opportunity to be heard on the issue." 61 Pa.C.S. § 3904(d)(1). Finally, we note that the "court, after considering victim input, may refuse to accept the prosecuting attorney's waiver of the eligibility requirements". 61 Pa.C.S. § 3904(d)(2) (emphases added).

also posits that the court dismissed the mitigating factors set forth in the sentencing memorandum and paid no attention to the information that did not support its narrative "that demanded an aggravated sentence." Id.

With regard to the discretionary aspect of a sentence, there is no automatic right to appeal. Commonwealth v. Austin, 66 A.3d 798, 808 (Pa. Super. 2013). Preliminarily, we must determine whether Appellant preserved this issue for appeal and

> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

Id. at 808 (quoting Commonwealth v. Malovich, 903 A.2d 1247, 1250 (Pa. Super. 2006)).

Indeed, it is well established that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claims to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of sentence is waived." Commonwealth v. Cartrette, 83 A.3d 1030, 1042 (Pa. Super. 2013). As the sentencing court properly noted, "[Appellant] made no motion

on record after sentencing and his post-sentence motion only addressed Boot Camp eligibility...." Trial Court Opinion, 4/6/20, at 6. Our independent review of the record in this case also found no motion, oral or otherwise, advancing the argument that the court erred when it sentenced Appellant in the aggravated range or failed to consider mitigating factors, as he sets forth in his brief discussing the discretionary aspect of his sentence. Thus, Appellant has failed to preserve the issue, and we find it waived. Appellant is due no relief on these grounds.

We also note that Appellant failed to satisfy Pa.R.A.P. 2119(f). Pursuant to that rule,

> An appellant who challenges the discretionary aspect of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence. The statement shall immediately precede the arguments on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f). Moreover,

> The concise statement must specify 'where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates. Additionally, the statement must specify 'what fundamental norm the sentence violates and the manner in which is violates the norm.'

Commonwealth v. Kiesel, 854 A.2d 530, 532 (Pa. Super. 2004) (quotations omitted). Appellant failed to include a Rule 2119(f) statement in his brief on appeal. The Commonwealth, however, did not object to that defect, so this Court could have determined whether Appellant presented a substantial question. Commonwealth v. Gambal, III, 561 A.2d 710, 713 (Pa. 1989).

Given Appellant's failure to preserve the issue, however, we need not proceed further.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/11/2020