390 A.2d 836

**COMMONWEALTH of Pennsylvania**

v.

**Randy S. KINKEAD, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided July 12, 1978.

Alan Ellis, State College, for appellant.

Charles C. Brown, Jr., District Attorney, Bellefonte, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who decided this appeal being equally divided, the judgment of sentence is affirmed.

VAN der VOORT, J., files an opinion in support of affirmance in which CERCONE, J., joins.

PRICE, J., concurs in the result.

SPAETH, J., files an opinion in support of remand in which JACOBS, President Judge, and HOFFMAN, J., join.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE

VAN der VOORT, Judge:

This is an appeal from a judgment of sentence following jury verdicts of guilty on charges of delivery of a controlled substance (marijuana) and possession with intent to deliver. Appellant contends that the judgment should be reversed and a new trial ordered because the trial court refused to suppress evidence obtained in the process of arresting appellant without a warrant and searching his home on a warrant which was allegedly defective. He advances the subordinate contentions that the testimony of a chemist that the controlled substance was in fact marijuana should have been stricken because not sufficiently established, and that the $10,000 fine imposed as part of his sentence is excessive. There is no merit in any of these contentions.

The facts as found by the trial judge at the suppression hearing are undisputed. An undercover drug agent of the Commonwealth, Thomas Gray, made friends with three individuals identified as Rick Maurone, Butch Molesky and Gary Scarpello, whom the agent believed to be involved in the

drug traffic. He arranged with them to make a "buy" from the appellant, then unknown to him. The four proceeded in an automobile to a parking lot adjacent to a house at 248 East Prospect Avenue in St. College Borough. They arrived at 8:10 P.M. on October 29, 1975. The purchase involved 100 pounds of marijuana at a price of $12,000. In order not to be ripped off, Agent Gray sent Maurone and Molesky into the house with $1,000 of marked bills on the understanding that they would bring out half of the marijuana and then return to the house with the balance of the money to complete the transaction. Molesky and Maurone were watched by Agent Gray and Scarpello until they entered the house. Scarpello advised Agent Gray where they were in the house when a light was turned on on the second floor. Molesky and Maurone returned with several large bags of marijuana which were placed in the trunk of Agent Gray's car. He immediately arrested Maurone, Molesky and Scarpello. He then directed two law enforcement officers who were standing close by to secure the premises at 248 East Prospect Avenue. As they proceeded to do so, they were joined by three other law enforcement agents identified as Kerr, Stevens and Britt. As they ascended the front porch, one of the occupants of the house was standing on the porch and the front door was wide open. They entered the house without force and collected all of the occupants, four or five in number, including the appellant, and asked them to remain seated in the living room.

From the information received by Agent Gray from Molesky, Maurone and Scarpello, the appellant was identified as the seller, placed under arrest and given his *Miranda* warnings. He admitted his participation in the offense and offered to show where the $1,000 of marked bills was located.

The agents did not search the house until a search warrant was secured. Agent Gray and Officer Abernathy proceeded to State College Municipal Building to prepare the search warrant affidavit, but because of the hour they had to travel approximately 15 miles to the Bellefonte area

to find a district justice of the peace. The district justice issued a search warrant at 11:10 P.M. Gray and Abernathy then returned to 248 East Prospect Avenue at approximately 11:45 P.M. and conducted a detailed search of approximately two and one-half hours after again advising the appellant of his constitutional rights. Agent Gray was under the belief that half of the marijuana that Maurone and Molesky had purchased was still on the premises when the affidavit for the search warrant was prepared and the warrant granted. As it turned out, they had brought out the entire 100 pounds of marijuana on their initial visit to the premises. At all times the appellant admitted that the marijuana involved was his, apologizing to his friends in 248 East Prospect Avenue and to Maurone, Molesky and Scarpello for causing them so much trouble. At the conclusion of the search, the appellant was taken to the State College Borough police office at around 3:00 or 3:30 A.M., and from there to a preliminary arraignment before the district justice of the peace between 4:00 and 5:00 A.M. Our court should have no difficulty in sustaining the warrantless arrest of the appellant. Two persons, Maurone and Molesky, had reported to Agent Gray immediately before the arrest that they had received marijuana from the appellant and had made a $1,000 down payment on it. He saw them enter appellant's house and return with bags of marijuana. Maurone and Molesky told him they had purchased it from the appellant. These facts established the probability that a felony had been committed, and were sufficient to justify the arrest of the appellant without a warrant: *Commonwealth v. Rush*, 459 Pa. 23, 25, 326 A.2d 340 (1974); *Commonwealth v. Jackson*, 450 Pa. 113, 116–17, 299 A.2d 213 (1973).

The circumstances under which the arrest was made do not bring this case within *Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968). The arresting agent was accompanied by borough police who entered the premises through an open front door without resistance. It would have been self-defeating for the officers to have stopped at

the open front door, knocked, waited for the appellant to appear and then identified themselves. Appellant was in the midst of a $12,000 marijuana transaction and there was commotion outside. It was a reasonable assumption that the appellant, if given time to do so, would attempt to remove or destroy the remaining marijuana and secrete or destroy the $1,000 in marked bills which were in his possession. Agent Gray testified at the suppression hearing that he was concerned about the destruction of evidence. *Newman* has no application to a situation such as this.

When the appellant was arrested, he and the other occupants of the premises were detained in the first floor living room until a warrant could be obtained to search the premises. We now address ourselves to the argument that the application for the warrant did not establish probable cause for its issuance. If a common-sense reading of the affidavit supporting a search warrant indicates that sufficient information was provided the issuing magistrate to show the probability of illegal activity or contraband at the place to be searched, our court will not find the warrant invalid. See *Commonwealth v. Williams*, 236 Pa. Super. 184, 345 A.2d 267 (1975) and *Commonwealth v. Temple*, 232 Pa. Super. 453, 335 A.2d 805 (1975). A common-sense reading should be given the affidavit, and doubtful or marginal cases should be resolved in favor of upholding the warrant. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

The affidavit on which the warrant in this case was issued abundantly establishes probable cause. Reading the application for the warrant in its entirety makes quite clear that the date of the occurrence set out in the affidavit was October 29, 1975, that the premises to be searched had been secured earlier that same evening and were being held by officers pending the issuance of a warrant. The application shows that marijuana was believed to be on the premises and that it was in danger of being destroyed unless a search could be made at once. The petition was quite adequate to support the issuance of the warrant.

■ Appellant's next contention is that the testimony of an expert witness that the substance was in fact marijuana should have been stricken. State police chemist, Larry Reigle, testified as an expert that chemical tests made by him established that the material sold by the appellant was marijuana. Under cross examination, he conceded that he had not personally tested the reagents used in making the tests, although he had reason to believe them to be as labeled and properly used. Appellant's counsel moved to strike Reigle's testimony because of this admission. The motion was properly denied. The admission went to the credibility of the testimony, not to its admissibility. Credibility was an issue for the jury and it chose to believe the testimony.

■ Finally, appellant challenges as excessive the $10,000 fine that was imposed as part of his sentence. The trial court has a broad discretion in imposing sentences: *Commonwealth v. Hill*, 237 Pa. Super. 543, 353 A.2d 870 (1975). We stated in *Hill* that there was no abuse of discretion unless the sentence was so manifestly excessive as to inflict too severe a punishment. In the case before us the pre-sentence investigation report compiled by the Pennsylvania Board of Probation and Parole ascertained that appellant was part owner and operator of a clothing store on Beaver Avenue in State College, and that he was also involved in a South American import operation dealing in clothing and artifacts. The facts of this case demonstrate that he was able to obtain marijuana worth $12,000. Under these circumstances, the fine does not appear to be excessive. It may be difficult to pay, but it was not an abuse of discretion.

The judgment of sentence should be affirmed.

CERCONE, J., joins in this opinion.

OPINION IN SUPPORT OF REMAND

SPAETH, Judge:

Appellant contends that the imposition of a $10,000 fine was excessive. Although a trial judge has broad discretion

in imposing sentences, in regard to the imposition of fines the Sentencing Code, 18 Pa.C.S.A. § 1326, provides as follows:

(c) Exception.—The court shall not sentence a defendant to pay a fine unless it appears of record that:

(1) the defendant is or will be able to pay the fine: and

(2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

(d) Financial resources.—In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose. 1972, Dec. 6, P.L. 1482, No. 334, § 1326, added 1974, Dec. 30, P.L. 1052, No. 345, § 1, effective in 90 days.

The majority concludes that this standard was met since appellant was able to obtain $12,000 to purchase the marijuana, and since appellant's pre-sentence report reveals that he is a part owner and operator of a clothing store and is involved in an import business. The record clearly does disclose that appellant obtained $12,000. However, in regard to appellant's "financial resources," appellant, in his brief, quotes from his pre-sentence report as follows:

*EMPLOYMENT:*

Mr. Kinkead is presently part owner/operator of The Chameleon, a clothing store on Beaver Avenue, State College. The store is operated on a consignment basis with the defendant drawing a modest salary plus commission. He also is involved in Taparacu, a South American import operation, importing clothing and artifacts. His partner in both operations is Richard Myers of Whipple Dam.

*FINANCIAL CONDITION:*

The defendant claims to own nothing since his assets are more than outweighed by his indebtedness. He has some equity in The Chameleon, but owes his family and pays $40 a month for an auto wreck he was in.

It is not possible to determine either whether this quotation is accurate, or whether the report contained additional or conflicting statements, for there are no notes of testimony of the sentencing hearing in the record. It is therefore not possible to review the information available to the hearing judge at the time of sentencing, or to review the judge's reasons for the sentence imposed. The only facts that do appear of record are that at one time appellant possessed $12,000, and that his appeal to this court was *in forma pauperis*, indicating a present inability to pay the fees and costs of prosecuting an appeal. *See* Pa.R.App.P. 551–561. These two facts do not support the conclusion that appellant "is or will be able to pay" a $10,000 fine. I would therefore remand the case for resentencing.

JACOBS, President Judge, and HOFFMAN, J., join in this opinion.