443 A.2d 792

**COMMONWEALTH of Pennsylvania,**

**v.**

**James Patrick REARDON, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Dec. 18, 1981.

Reargument Denied April 21, 1982.

James F. Geddes, Jr., Wilkes-Barre, for appellant.

Chester Muroski, District Attorney, Wilkes-Barre, submitted a brief on behalf of Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

PER CURIAM:

Judge Toole, sitting non-jury, found appellant guilty of criminal conspiracy,[1] aggravated assault,[2] and recklessly endangering another person.[3] Appellant was sentenced to pay a fine of $1,000 and to serve three concurrent terms of five years on probation. Appellant contends on this appeal, that:

A. The testimony did not sustain the convictions;

B. The court improperly permitted the prosecution to reopen its case in chief;

C. The court made certain erroneous rulings on the admission of physical evidence, and in the limiting cross-examination;

D. The post trial motions were improperly denied; and

E. The court abused its discretion in imposing sentence.

A. Contention A, in substance, claims that the Commonwealth's case in chief, plus the appellant's testimony in his own defense, does not establish beyond a reasonable doubt that appellant was a conspirator or co-actor with one Dr. Broom in the illegal acts complained of.

The essential facts as summarized by Judge Toole in his opinion at pages 2 and 3 are as follows: One Walburn was on unfriendly terms with Dr. Broom; the former blamed Broom for Walburn's marital difficulties. Appellant Reardon was on friendly terms with Broom and living in Broom's home preceding the events complained of. On October 29, 1978, at 3:00 A.M. and again at 4:00 A.M., police came to Walburn's home and verified his complaints that shots had been fired into his home. After the second incident, the police staked out the area, and shortly observed two persons in a car pull up in front of Walburn's home, heard a shot fired from the car and saw the car pull away at a rapid rate of speed. The police gave chase and stopped the car and apprehended its occupants. The driver was Broom. The

1. 18 Pa.C.S. § 903.

2. 18 Pa.C.S. § 2702(a)(4).

3. 18 Pa.C.S. § 2705.

passenger was appellant. Within the car appellant had positioned between his legs a rifle approximately 42 inches in length. Appellant had been at a bar in Broom's company earlier that night and had ridden around with Broom in the car for about 1½ hours before their arrest.[4]

■ In evaluating the sufficiency of the evidence we must view the record in a light favorable to the Commonwealth, the verdict winner, drawing reasonable inferences favorable to the verdict winner and determine whether such evidence supports the guilty verdicts beyond a reasonable doubt. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979). We agree with the lower court that the verdict is supported by the evidence even though no evidence was presented as to whether Broom or appellant fired the shots. The Commonwealth need not prove which actor fired the shots, as both were apprehended fleeing from the scene and it was reasonable to infer that they were acting in concert. See: *Commonwealth v. Bradley*, 481 Pa. 223, 392 A.2d 688 (1978), *Commonwealth v. Leach*, 455 Pa. 448, 317 A.2d 293 (1974).

■ B. At the apparent close of the Commonwealth's case, the prosecution offered into evidence the rifle claimed to have been found in the car. The appellant objected on the ground that the "chain of custody" had not been established. (N.T. 46) The court sustained the objection, but afforded the Commonwealth the opportunity to call witnesses to establish the chain. For this purpose the case was adjourned from 3:26 P.M. one afternoon to the next morning at 9:00 A.M., and the necessary police officers were called as witnesses.

"In a non-jury trial, until a verdict has been rendered, it is within the discretion of the trial judge to allow either side to reopen its case to prevent a failure or miscarriage of justice." *Commonwealth v. Ridgely*, 243 Pa.Superior Ct. 397, 403, 365 A.2d 1283 (1976). In the circumstances of this case, we find no abuse of such discretion.

4. Appellant denied any knowledge of any events, including the presence of the rifle in the car until he said he heard the report of the gunfire and saw the rifle in Broom's hand. Broom fled the jurisdiction after his arrest and has not been brought to trial.

C. Contention C is that the court erred in receiving into evidence certain physical exhibits and in limiting cross-examination.

Particularly, appellant argues that the Commonwealth failed to establish, "as a matter of reasonable certainty" that various physical exhibits had not been adulterated or misidentified. He contends that too many people had access to evidence lockers and that proper receipts were not produced to establish the chain of custody.

The admission of demonstrative evidence lies within the discretion of the trial court, *Commonwealth v. Ford*, 451 Pa. 81, 85, 301 A.2d 856, 858 (1973). "The Commonwealth need not show a complete chain of custody; it is sufficient to show evidence establishing a reasonable inference that the identity and condition of the evidence have remained the same from the time it was received until the time of trial. *Commonwealth v. Mayfield*, 262 Pa.Superior Ct. 96, 396 A.2d 662 (1978)"; *Commonwealth v. Wike*, 269 Pa.Superior Ct. 141, 145, 409 A.2d 104, 106 (1979). Appellant's particular objection at trial pertained to the slugs found at the victim's residence. While proof of the chain of custody is somewhat sloppy it is sufficient and [5] we find no abuse of discretion in allowing the evidence to be admitted.

Also, appellant complains that he was prevented from asking Walburn whether Walburn had threatened Broom, or had done "anything to Broom's property" or whether Walburn thought Broom had emotional problems. We agree with the trial judge that the information sought by those questions had no relationship to the issues involved in the case. In any event, appellant's counsel was eventually permitted to ask Walburn whether he had threatened Broom.

5. The slugs were removed from the residence, there was no indication they were marked at that time. An officer took the slugs to the station and turned them over to another officer. No receipt was exchanged. The evidence was logged in, though the log was not produced at trial. The evidence was placed in a locker, to which five persons have keys. A member of the state police, picked up the evidence for analysis, he used his key to open the locker; no receipt was made. The evidence was taken for examination where the chain of custody is unquestioned.

D.   This allegation of error is not specifically argued on this appeal, instead appellant makes a general claim that his post-verdict motions were improperly denied.   He apparently claims that as one or more of his forementioned claims has merit, the court erred in denying his motion.   As we find to the contrary above, we find no merit to the present contention.

E.   Appellant contends that under the circumstances the lower court abused its discretion in sentencing appellant to five (5) years of probation and fining him $1,000.   He also notes that the sentence on reckless endangerment was improper.   He states that the sentence imposed was for a first degree misdemeanor while the crime charged was a misdemeanor of the second degree.

Sentencing is initially vested in the sound discretion of the trial judge, subject to our modification only if there is a manifest abuse of discretion.   *Commonwealth v. Valentin*, 259 Pa.Superior Ct. 496, 393 A.2d 935 (1978).   Much of appellant's argument pertains to his innocence or guilt.   Such claims are not appropriate for consideration on review of a sentence as guilt or innocence has already been determined.   As to the period of probation imposed, we find that the court adequately stated its reasons on the record.   The court noted the defendant had a "distinguished background" and no prior record, however the court also weighed the seriousness of discharging a firearm into an occupied residence.   The court believed that at least partial confinement was required and placed appellant on probation.   We agree, and can find no abuse of discretion.   However, the trial judge, in sentencing defendant to pay a fine, failed to comply with 18 Pa.C.S.A. § 1326 (now 42 Pa.C.S.A. § 9726).   Therefore, we must remand to the lower court, for a consideration of appellant's financial status and its reasons for imposition of the fine.

The Commonwealth concedes that the maximum punishment for recklessly endangering another person is two (2) years, but merely goes on to state that the question has

not been raised in prior proceedings. Illegality of a sentence is not a waivable issue. *Commonwealth v. Welch*, 291 Superior Ct. 1, 435 A.2d 189 (1981). Therefore, as appellant's claim is correct, we must vacate the judgment of sentence for recklessly endangering another person and remand for resentencing on that charge. See: *Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978).

As to the convictions for criminal conspiracy and aggravated assault, the judgment of sentence is affirmed; however, we remand for a statement of reasons for the imposition of the fine. If the lower court should determine that the fine imposed was improper, the court shall then vacate and/or impose an appropriate fine. On the charge of recklessly endangering another person, the judgment of sentence is vacated and the case is remanded for resentencing on that one charge.