472 A.2d 1154

**COMMONWEALTH of Pennsylvania**

v.

**Charles S. GASKIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 1983.

Filed March 9, 1984.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Ronald Thomas Williamson, Assistant District Attorney, Norristown, for Com., appellee.

Before SPAETH, President Judge, and WIEAND and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Montgomery County. The questions presented are:

(1) Whether the sentencing judge erred by considering improper factors during the imposition of sentencing?

(2) Whether the sentencing judge failed to take into account the appellant's financial resources and the nature of the burden that payment of a $2000.00 fine would impose, when determining the amount and method of payment of the fine?

(3) Whether the sentence imposed by the sentencing judge was unduly harsh and excessive under the circumstances?

The underlying facts are as follows: The appellant was arrested on July 31, 1981, for the unlawful possession of heroin with intent to deliver same. He was charged with violation of the Controlled Substances, Drug, Device and Cosmetic Act, Pa.Stat.Ann. tit. 35 §§ 780–113(a)(16) & (30). On January 6, 1982, the appellant entered a plea of guilty

pursuant to a limited plea agreement. The plea agreement provided that:

The [appellant] will plead to ... possession of heroin with intent to deliver and actual delivery of heroin, and the limited plea agreement arrived at between the Commonwealth and the defense is as follows, that the sentence of the Court would not exceed a period of incarceration of three to ten years.... There is no agreement whatsoever on fine and Court costs. (N.T. January 6, 1982, pp. 2-3).

After an extensive colloquy on the record, the court accepted the appellant's plea as made knowingly, intelligently, and voluntarily.

The sentencing hearing was held on April 2, 1982, subsequent to the sentencing judge's receipt of the pre-sentence investigation report. The court heard the testimony of the defendant and a defense witness, as well as the arguments of counsel. The sentencing judge, after placing on the record a statement of his reasons, imposed sentence on the appellant. The sentence was to pay the costs of prosecution, a fine of two thousand ($2,000.00) dollars, and to undergo imprisonment for not less than three (3), nor more than ten (10) years in a state correctional institution. The appellant filed a timely motion to modify sentence which was denied. This appeal followed. We vacate the judgment of sentence and remand for resentencing for the reasons which follow.

The appellant asserts several contentions on appeal. First, the sentencing judge made statements on the record indicating reliance on impermissible sentencing criteria. These statements relate to:

(a) The proximity of the appellant's residence to the sentencing judge's residence, and

(b) The proximity of the drug sale to a local school.

Second, with regard to the fine imposed, the sentencing judge failed to comply with the standards set forth in *Commonwealth v. Schwartz*, 275 Pa.Super. 112, 418 A.2d 637 (1980), which require the court, before imposing a fine,

to determine that the appellant is able to pay it. Third, that considering all the circumstances the sentence imposed was excessive. We shall discuss the appellant's contentions *seriatim.*

■■■ It is well established that sentencing is a matter vested in the sound discretion of the trial court, whose determination must be respected unless it is a manifest abuse of discretion. *Commonwealth v. Edrington,* 490 Pa. 251, 416 A.2d 455 (1980); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Martin* 466 Pa. 118, 351 A.2d 650 (1976). A sentence may be set aside even where it is within the statutory guidelines, where appropriate reasons for the sentence imposed do not appear on the record. *Edrington, supra; Riggins, supra; Martin, supra.* Moreover, it is sufficient to render a sentence invalid if it appears from the record that the trial court relied in whole or in part on an impermissible factor. *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977); *Commonwealth v. Kostka,* 276 Pa.Super. 494, 419 A.2d 566 (1980).

■■ In reviewing the sentence imposed in the instant case, we are guided by the test set forth by our supreme court in *Bethea, supra:*

In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

474 Pa. 580, 379 A.2d at 106–107. Our reading of the record disclosed the following comment made by the sentencing judge with regard to the proximity of appellant's residence to his own residence:

354

## [DIRECT EXAMINATION OF APPELLANT]

[BY MR. HENNESSEY:]

Q. When you were out of jail, where were you living?

A. 409 Fort Washington Avenue, Fort Washington.

THE COURT: He was living about about two and a half blocks from me. That's where he was living.

(N.T. April 2, 1982, p. 4)

This is the only such reference in the over forty (40) pages which comprise the sentencing transcript. While the sentencing judge would have been better advised not to make such a passing reference, we are convinced from our review of the entire record that the sentencing judge did not rely in whole or in part on this factor.

■ The following excerpts from the sentencing transcript reveal remarks which were made by the sentencing judge, with regard to the proximity of the drug sale to a local school:

## [DIRECT EXAMINATION OF APPELLANT]

[BY THE COURT:]

Q. Do you realize that you had an opportunity to have a good high school education in Upper Dublin High School and you blew out? And you realize that you live in a very good neighborhood with good neighbors. *And you realize that you live a block and a half from Fort Washington Elementary School where a sale of heroin occurred.* And you realize that you have been previously involved in drugs in Montgomery County....

Now tell me *how I can feel any kind of sympathy, particulary since a block and a half from the elementary school at Fort Washington Avenue and Highland Avenue a drug sale took place.*

(N.T. April 1, 1982, pp. 13–14). (Emphasis added)

A. ... people that I was associated with are not teenagers or I have never been involved with teenagers, period, where to the effect to involve them in drugs.

Q. ... *if some very mature-looking teenager walked up there and you needed an actual transfer and delivery and money so that you could perpetuate your habit and do some other things, that person would get the drugs just as these men did on this particular occasion.* No one is accusing you of being a major heroin distribution point in this country. But *I can assure you, I don't look very kindly upon this transfer occurring a block and a half from the Fort Washington Elementary School in Upper Dublin regardless of what rationalizations take place.* And I know where you live. And there are all kinds of kids around there, including kids in your own household.

(N.T. April 2, 1982, pp. 15–16). (Emphasis added)

### [DIRECT EXAMINATION OF GWEN HENRY, APPELLANT'S NIECE]

BY THE COURT:

Q. You can understand, Gwen, that *I don't look too kindly on the fact that there is an elementary school a block and a half from where he lives and that there was a transfer, admittedly at night, but there's no saying what happened when the police weren't around* and when informants and intermediaries weren't there.

A. Well, I want to say that I don't think he would ever sell anything to a child because the twins and the kids have so many friends, and he's always made a distinction between his clientele of people and his constituents are really those—he never has intermixed with myself, my sisters, my aunts, my counsins, friends. He's never mixed that with, you know, that part of life with us. And I would never think that he would sell any substance to anyone that wasn't man or woman enough to know what they were doing.

Q. *The trouble is that heroin even in the strongest man makes your willpower totally incapable of resisting youself, man, woman or child.*

(N.T. April 2, 1982, p. 28). (Emphasis added)

A fair reading of the remarks by the sentencing judge reasonably indicates that he may have been influenced by the proximity of the drug sale to the local elementary school. This information was not properly before him as it had absolutely no relevance to the crime charged, because the drug sale took place at *night time* at appellant's home. That these repeated remarks indicate the sentencing judge relied upon the proximity of the local elementary school to the drug sale when imposing sentence, is corroborated by the admission of the sentencing judge that, "[t]he location of the elementary school . . . could [not] be ignored." (Trial court Opinion, at p. 5).

Accordingly, after applying the *Bethea* test, we conclude that the sentencing judge considered impermissible factors in sentencing and that appellant's sentence must be vacated and the case remanded for resentencing. Resolution of the first issue presented on appeal is dispositive, therefore, we need not reach the remaining issues. However, since the case must be remanded for resentencing, one final observation is in order.

Although the plea agreement in the instant case provides for no maximum whatsoever as to fine, the sentencing judge is required to determine before imposing the fine that the appellant is able to pay it. *See Commonwealth v. Schwartz, supra,* 275 Pa.Super. at 116–117, 418 A.2d at 639. In the instant case, the sentencing judge had in his possession the pre-sentence investigation report (hereinafter P.S.I.), which stated "[t]he [appellant] has neither financial assets nor liabilities." (P.S.I., at p. 50). Furthermore, the sentencing judge remarked on the record, "[y]ou [appellant] don't have any visable employment record except self employment, living from hand to mouth all of these years." (N.T. April 2, 1982, p. 17). In light of the foregoing, there was clearly insufficient information in the record for the sentencing judge to determine that the appellant had the ability to pay the fine imposed.

The sentence is vacated and the case is remanded for resentencing in accordance with this opinion. This court does not retain jurisdiction.