594 A.2d 373

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey James FUSCO, Appellant.**

Superior Court of Pennsylvania.

Submitted July 15, 1991.

Decided Aug. 5, 1991.

Theodore J. Krol, Asst. Public Defender, Hollidaysburg, for appellant.

David Gorman, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before CIRILLO, JOHNSON and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence imposed February 11, 1991, following a plea of guilty to possession and possession with intent to deliver a controlled substance. The sole issue on appeal is whether the trial court abused its discretion in imposing an excessive sentence. We vacate the fine imposed and remand for resentencing.

The complaint reveals that appellant sold Detective Young and Patrolman Panagoplos of the Altoona Police Department four small blocks of hashish for $40.00 on March 23, 1990, although the particulars of the sale are not in the record. Appellant entered into a negotiated plea to the above charges, and the Commonwealth agreed to recommend a sentence in the mitigated range. The court accepted the plea and sentenced appellant to nine to twenty-three and one-half months imprisonment, ordered restitution to the City of Altoona in the amount of $40.00, and assessed a $15,000.00 fine to be paid within twelve years from the date of sentencing. Appellant contended in his motion to modify sentence and asserts on appeal that the $15,000.00 fee was excessive, unreasonable, and an abuse of the trial court's discretion.

This is an appeal from the discretionary aspects of sentencing. As such, Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), require appellant to include in his brief a separate statement of reasons relied upon for this appeal. While appellant has included a section in his brief entitled, "REASONS FOR ALLOWANCE FOR APPEAL," he erroneously states, "Pursuant to Pa.R.A.P. 341 the appeal is being taken as of

right with notice of appeal filed in accordance with Pa. R.A.P. 902." Obviously, appellant has not complied with the requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki, supra.*

However, in its brief, the Commonwealth has not objected to this lack of a proper statement. Accordingly, we have decided to exercise our discretion and determine whether a substantial question is raised as to the appropriateness of the sentence based on the allegations in the brief. *Commonwealth v. Kephart,* Pa.Super., 594 A.2d 358, 360–361 (1991). *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987).

Appellant's contention is that the sentencing court failed to inquire as to his ability to pay a fine in violation of 42 Pa.C.S. § 9726(c)(1). We have discussed the types of allegations that must be raised in order to establish that there is a substantial question that the sentence imposed is inappropriate under the Sentencing Code. In *Commonwealth v. Losch,* 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987), we stated:

> [W]hat constitutes a "substantial question" under section 9781(b) must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process.

*See also Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989).

Since appellant's allegation does suggest that a specific provision of the Sentencing Code was violated, a substantial question is raised under *Losch. See also Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371 (1988). Therefore, we will proceed to consider the merits of appellant's argument. Appellant contends that the sentencing court's failure to inquire into his ability to pay the fine imposed violates the Sentencing Code and the relevant

precedent. We are constrained to agree. The applicable provision of the Sentencing Code provides, in pertinent part,

(b) Fine as additional sentence.—The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, . . . .

. . . .

(c) Exception.—The court *shall not* sentence a defendant to pay a fine unless it appears of record that:

(1) the defendant is or will be able to pay the fine;

42 Pa.C.S. § 9726(b) and (c) (emphasis added).

We have read the sentencing transcript and agree with appellant that no inquiry was made as to his ability to pay the fine imposed. The sentencing court was informed that appellant had been unemployed during the preceding year but would have a job working for his father upon his release from prison. The court had no other pertinent information before it, including the amount of money appellant would earn at this potential employment. Moreover, the case law requires even more information that this.

▮ In *Commonwealth v. Schwartz,* 275 Pa.Super. 112, 418 A.2d 637 (1980), the only information the sentencing court had concerning the defendant's financial background was that he sold $980.00 in illicit drugs and had a job working for his father at a weekly net pay of $150. We held that the judge did not have enough information to make an intelligent finding as to the defendant's ability to pay the $10,000.00 fine imposed, as required by 42 Pa.C.S. § 9726. In the present case, the court knew only that appellant had a potential job with his father upon his release; even the weekly salary was not ascertained. Moreover, there was no pre-sentence investigation.[1]

---

1. It is not significant that appellant waived a pre-sentence report. The court in *Commonwealth v. Schwartz, id.,* dismissed any significance to such a waiver and any implication that defense counsel bore the burden of elaborating on the defendant's financial background by stating, "[A]s we read the Sentencing Code, the *sentencing judge* was required to determine, before imposing the fine, that appellant was

The Commonwealth emphasizes the fact that the sentencing court gave appellant twelve years in which to pay the fine. This fact indeed will have an impact on the court's determination of a fine once it has the pertinent financial information, but it is inconsequential in light of the inadequate record presently before us. Moreover, the cases cited by the Commonwealth in which large fines were upheld by this court, such as *Commonwealth v. Herberg*, 306 Pa.Super. 245, 452 A.2d 536 (1982), *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119 (1980), and *Commonwealth v. Kinkead*, 257 Pa.Super. 307, 390 A.2d 836 (1978), are all distinguishable in that the courts therein either had pre-sentence reports containing pertinent financial information or were otherwise apprised of the defendants' situations.

We believe that the present record was insufficient to permit a proper determination of appellant's ability to pay the fine imposed.[2] *Commonwealth v. Gaskin*, 325 Pa.Super. 349, 472 A.2d 1154 (1984); *Commonwealth v. Mead*, 300 Pa.Super. 510, 446 A.2d 971 (1982); and *Commonwealth v. Reardon*, 297 Pa.Super. 193, 443 A.2d 792 (1981). Accordingly, we must vacate that portion of appellant's sentence and remand for further proceedings.

Judgment of sentence as to fine is vacated and case remanded for proceedings consistent with this Opinion.

---

able to pay it." *Id.*, 275 Pa.Super. at 116, 418 A.2d at 639 (emphasis in original).

2. In light of our determination, we make no finding concerning appellant's claim that the amount of the fine was inappropriate in light of the dollar amount involved in the offense, but note that the offense is punishable by, *inter alia*, a fine of $250,000.00.