J-S26041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE VANCLIFF | |
| Appellant | No. 1609 MDA 2014 |

Appeal from the Judgment of Sentence July 21, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001831-2013

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 12, 2015**

Appellant Andre Vancliff appeals from his judgment of sentence entered in the Luzerne County Court of Common Pleas.  We affirm.

On July 21, 2014, Appellant entered a plea of nolo contendere to one count of criminal conspiracy to commit corruption of minors.[1]  The Commonwealth moved for, and Appellant agreed to, immediate sentencing.  The trial court sentenced Appellant to 42 to 84 months' incarceration and a $15,000.00 fine.  N.T., 7/21/14, at 14-15.

At sentencing, the following exchange occurred:

> [COMMONWEALTH]:  In this case, the Commonwealth is going to ask for a substantial fine.  Since [Appellant] is incarcerated as a lifetime inmate, obviously there's no type of probation, parole, or any type of incarceration that's

---

[1] 18 Pa.C.S § 903.

going to affect his current situation, so the statutory maximum fine in this case is $15,000. The Commonwealth has provided the defense counsel with a copy of [Appellant's] inmate transaction history with regard to his finances. This is his inmate prison account, Commonwealth's Exhibit A.

. . .

Your Honor, the reason the Commonwealth is asking for this fine obviously, other than the fact that no type of sentence with probation, parole, or incarceration is going to affect the status of [Appellant] is because [Appellant] actually profited from this criminal conspiracy. It you take a look at the records it shows that between January 19th of 2012 and September 12th of 2012, the co-conspirator in this case provided him with over $16,000. At one point in September of 2012, [Appellant] had in excess of $19,000 in his prisoner account. Currently he has in excess of $9,000 in his account.

The Commonwealth also noticed throughout the records that he has an outside savings account at Vantage Trust FCU and Wayne Bank. He's been depositing money from his prisoner account into an outside savings account. One of the things the [c]ourt can consider when imposing a fine is the defendant's ability to pay the fine. Obviously[,] [Appellant] has a substantial amount of money in his actual prison account and possibly an outside savings account that he's been transferring money into. So we're going to ask the Court for the max fine.

THE COURT: Defense.

[DEFENSE COUNSEL]: Your Honor, [Appellant] obviously qualified for representation by the Public Defender's Office. He is considered indigent. In regards to the outside account, it's my understanding that [Appellant] did attempt to make those deposits but they were returned to his prison account, which is reflected in the ledger that you have a copy of.

THE COURT: Okay. Anything else?

Sir, do you want to say anything before I impose sentence?

- 2 -

THE DEFENDANT:  As far as the account is concerned, it seems like during the investigation they popped up – they put all the information, but as she indicated, Vantage Account is the same funds.  It's not like a different set of funds that is being thrown like from the prison account in the outside account.  It's all one funds.  The Vantage account never accepted the funds; they returned it back to the account.

THE COURT:  So you're – it's your position that there's no outside account.

[THE COMMONWEALTH]:  And, Judge, if that's the case that there's no outside account, there's still $9,629.58 currently in his prisoner account.

THE COURT: Okay.  Well, the [c]ourt is very familiar with this case having heard the co-defendant's actual criminal trial.  [Appellant] had pled before in this case so the [c]ourt is very familiar with the facts regarding this case.

The [c]ourt feels the following sentence is appropriate. The [c]ourt is going to sentence [Appellant] to 42 to 84 months in a state correctional facility.  This sentence will be consecutive and not concurrent with the sentence he's currently [serving].  He's not to have any contact with any minors in this case, and he is to have no contact with the co-defendant in this case.  The [c]ourt is also going to fine [Appellant] $15,000 for the statutory maximum fine to be imposed by the [c]ourt.  The [c]ourt is going to order that his prison account – whatever is in his prison account be confiscated by the prison to satisfy this fine.

. . .

N.T., 7/21/14, at 10-15.

On August 15, 2014, Appellant's counsel filed a timely notice of appeal.[2] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue on appeal:

> Whether the sentencing court erred by imposing, as part of [Appellant's] sentence, a fine of $15,000.00 where there was insufficient evidence that [Appellant] is or will be able to pay such fine?

Appellant's Brief at 1.

Appellant's claim challenges a discretionary aspect of his sentence. ***Commonwealth v. Boyd***, 73 A.3d 1269, 1274 (Pa.Super.2013) (claim raising a complete absence of evidence of ability to pay raises an illegal sentence claim, but claim challenging fine where some evidence of ability to pay exists in record raises a discretionary challenge). "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of

---

[2] Appellant filed a *pro se* notice of appeal on September 11, 2014, which this Court dismissed as duplicative on October 29, 2014.

Although the trial court sentenced Appellant on July 21, 2014, the trial court did not enter the judgment of sentence on its docket. On October 7, 2014, this Court issued an order directing Appellant to show cause as to why the appeal should not be quashed as being taken from an order not entered upon the trial court docket. On October 20, 2014, Appellant filed a response, including a time-stamped copy of the judgment order as evidence the order was docketed. On October 21, 2014, this Court ordered the trial court to enter an appealable order on its docket, but included incorrect text. On October 24, 2014, we vacated the October 21, 2014 order and directed the trial court to enter the July 21, 2014 order on its docket. The trial court docket now reflects the order.

right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006)); *see also Allen*, 24 A.3d at 1064.

At sentencing, Appellant preserved the issue by arguing against the imposition of a fine. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa.Super.2005) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings."). Appellant filed a timely notice of appeal, and included a statement of reasons pursuant to Rule 2119(f) in his brief. We must, therefore, determine whether his issue presents a substantial question for our review.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists

where a defendant raises a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. *Id.* (quoting *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa.Super.2003)).

Whether sufficient evidence supported the imposition of a fine raises a substantial question for our review and we will review the merits of Appellant's claim. *See Commonwealth v. Fusco*, 594 A.2d 373, 374 (Pa.Super.1991).

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010) (citing *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa.2007)).

A court may impose a fine where:

> **(b) Fine as additional sentence.--**The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:
>
> (1) the defendant has derived a pecuniary gain from the crime; or
>
> (2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.

**(c) Exception.--**The court shall not sentence a defendant to pay a fine unless it appears of record that:

(1) the defendant is or will be able to pay the fine; and

(2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

**(d) Financial resources.--**In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.

42 Pa.C.S. § 9726(b)-(d). "Imposition of a fine is not precluded merely because the defendant cannot pay the fine immediately or because he cannot do so without difficulty." *Commonwealth v. Thomas*, 879 A.2d 246, 264 (Pa.Super.2005) (citing *Commonwealth v. Church*, 522 A.2d 30, 33 (Pa.1987)). Criminal conspiracy to corrupt minors is a third-degree felony, allowing for a statutory maximum fine of $15,000.00. 18 Pa.C.S. §§ 905(a); 6301(a)(1)(ii); 1101(3).

Appellant contends insufficient evidence supported the court's determination that Appellant could pay the $15,000.00 fine because, at the time of sentencing, his prison inmate account had only $9,629.58 and, although the account previously had in excess of $19,000.00, his co-defendant deposited the majority of the funds. Appellant's Brief at 5. He claims there was no evidence that Appellant, his co-defendant, or any other individual would deposit money into his account in the future. *Id.*

The trial court noted the fine was "adapted to the correction of [Appellant]," who would not be deterred by an additional period of incarceration because he was already serving a life sentence. Opinion,

10/2/2014, at 2. It further noted it considered his ability to pay and his financial resources. *Id.* The trial court noted the prison inmate account contained a five-year history of the financial transactions and in September 2012, it exceeded $19,000.00. *Id.* Six days prior to sentencing it held $9,629.58. *Id.* The trial court noted deposits of several hundred dollars were consistently made to the account over the five years. *Id.* The trial court concluded Appellant's prison "inmate account provides a sufficient evidentiary basis for a finding that he presently has the ability to make a substantial payment towards the fine as well as periodic payments in the future. Because there was sufficient evidence of [Appellant's] ability to pay the $15,000.00 fine, his judgment of sentence should be affirmed." *Id.* at 3.

At the time of sentencing, the trial court had Appellant's prison inmate account and heard from the Commonwealth, Appellant's counsel, and Appellant. The court acted within its discretion in finding sufficient evidence to support imposition of the $15,000.00 fine.[3]

_____

[3] The certified record does not contain a copy of the prison inmate account. It is Appellant's responsibility to ensure the certified record contains all documents essential to his case. *Commonwealth v. Walker*, 878 A.2d 887, 889 (Pa.Super.2005) (citing *Fiore v. Oakwood Plaza Shopping Ctr.*, 585 A.2d 1012, 1019 (Pa.Super.1991)). Further, the parties do not dispute the amounts contained in the account. Also, although Appellant contends his co-defendant deposited the majority of the money into the account, he does not dispute that other individuals deposited money into the account. At sentencing, the Commonwealth noted that the co-defendant deposited over $16,000.00 into the prison account between February and September

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2015

---

*(Footnote Continued)* ———————————

of 2012. N.T., 7/21/2014, at 11. In September 2012, however, the account had over $19,000.00. Further, the record contains evidence Appellant's stepmother made at least four $25.00 deposits into his prison inmate account. Final Appeal Decision, Secretary's Office of Inmate Grievances & Appeals, dated 4/4/2013 (noting four money orders in the amount of $25.00 each were inadvertently not deposited into account and this was rectified on January 19, 2013, when each was deposited into the account).