J-S21028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRANDON COLE BEATTY :
:
Appellant : No. 1328 MDA 2021

Appeal from the Judgment of Sentence Entered June 4, 2020,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0005344-2017.

BEFORE: DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED AUGUST 22, 2022**

Brandon Cole Beatty appeals the judgment of sentence entered following his conviction for criminal conspiracy to possess a controlled substance with intent to deliver.[1] He challenges the resentencing court's imposition of a non-mandatory $35,000.00 fine in addition to a term of imprisonment. We affirm in part, vacate the imposition of the fine, and remand for resentencing with respect to fines.

This case stems from a drug transaction on December 23, 2016, for which a jury found Beatty guilty of conspiracy. On December 19, 2018, the trial court sentenced Beatty to serve 7 to 14 years of imprisonment and pay a $35,000.00 fine. On appeal, we affirmed the conviction but remanded for

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903(a)(1) and 35 P.S. § 780-113(a)(30).

resentencing, as it did not appear that the sentencing judge was aware of the applicable guidelines range. ***Commonwealth v. Beatty***, 227 A.3d 1277, 1290–91 (Pa. Super. 2020). On June 4, 2020, the resentencing court sentenced Beatty to 7 to 14 years of imprisonment and a $35,000.00 fine, clearly stating the guidelines. N.T., 6/4/20, at 11. Defense counsel asked about the fine:

> [Defense counsel]: . . . Did you just throw the $35,000 fine in now or was that in before?
>
> THE COURT: That was in before.
>
> [Defense counsel]: I didn't know. That was never anything I had brought up on appeal with the 7 to 14 years, $35,000 fine.
>
> THE COURT: It's on the original order, yeah. At the previous proceeding as well there was -- as well as during the course of the trial there was substantial testimony about scope, nature, and duration of Mr. Beatty's enriching himself through this trade of which he was convicted of conspiracy and really not any convincing evidence that he had any other legitimate source of income. He lists himself as a writer. Okay.
>
> [Defense counsel]: I understand. When you get [a] 7- to 14-year sentence followed by 2-1/2 to 5 from another Court, if you expect him to be able to pay any money, it's kind of unreasonable to think that's going to happen. The Court can do what the Court wants to do.
>
> THE COURT: Well, the fine is appropriate in view of the fact the way he's illicitly enriched himself in the past. If he can't pay that, there is all sorts of new and upcoming authority about Defendant's ability to pay their fines and court costs. That seems to be an evolving situation, you know.
>
> Mr. Beatty, can you pay [a] $35,000 fine?
>
> THE DEFENDANT: I mean in payments. . . .
>
> \*   \*   \*

THE DEFENDANT: It would be hard for me to pay -- extremely hard for me to pay [a] $35,000 fine especially coming home to nothing.

THE COURT: Okay. Well, you can raise that on appeal.

*Id.* at 17–19.

After procedural defects not relevant here, the resentencing court reinstated Beatty's right to appeal and to file post-sentence motions *nunc pro tunc*. On August 19, 2021, Beatty filed a post-sentence motion, challenging the legality and discretion of the $35,000.00 fine. The resentencing court heard argument and later entered an opinion and order denying the motion. Beatty timely appealed. He and the resentencing court complied with Pennsylvania Rule of Appellate Procedure 1925.

Beatty raises one issue for our review:

Did the Resentencing Court abuse its discretion when it imposed a thirty-five-thousand-dollar ($35,000) fine on [Beatty], when based on the evidence presented during his sentencing hearing, it did not support the claim that [Beatty] had the current and/or future ability to pay the fine in question?

Beatty's Brief at 4.

Beatty challenges the resentencing court's exercise of discretion. Although a claim that there is no evidence of ability to pay a fine implicates a sentence's legality, a claim that the court improperly considered such evidence implicates its discretionary aspects. **Commonwealth v. Boyd**, 73 A.3d 1269, 1273–74 (Pa. Super. 2013) (*en banc*). Here, Beatty acknowledges that there was evidence about his ability to pay a fine; he argues that the resentencing

court abused its discretion in concluding that this evidence showed that he could indeed pay the $35,000.00 fine imposed. Beatty's Brief at 13–14.

Because Beatty challenges the resentencing court's discretion, he must invoke our jurisdiction by:

> (1) filing a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.*

*Commonwealth v. Wallace*, 244 A.3d 1261, 1278 (Pa. Super. 2021) (citation format altered). Beatty met the first three requirements. Beatty's Brief at 12–14. As to the fourth requirement, he explains in his Rule 2119(f) statement that his claim that the resentencing court violated Section 9726(c)(1) raises a substantial question. *Id.* at 14 (citing *Commonwealth v. Fusco*, 594 A.2d 373, 374 (Pa. Super. 1991)). Therefore, Beatty has properly invoked our jurisdiction to consider his claim.

In reviewing a resentencing court's exercise of discretion, we will not reverse "absent a manifest abuse of discretion." *Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022) (quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006)).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

- 4 -

*Id.* at 534–35 (quoting *Shugars*, 895 A.2d at 1275).

A court's authority to impose a fine as part of a sentence stems from Section 9726 of the Sentencing Code, which provides in relevant part:

> **(b) Fine as additional sentence.--**The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:
>
> > (1) the defendant has derived a pecuniary gain from the crime; or
> >
> > (2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.
>
> **(c) Exception.--**The court shall not sentence a defendant to pay a fine unless it appears of record that:
>
> > (1) the defendant is or will be able to pay the fine; and
> >
> > (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.
>
> **(d) Financial resources.--**In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.

42 Pa.C.S.A. § 9726(b)–(d). Subsection (c), by its plain language, requires record evidence that a defendant is able or will be able to pay a fine before a sentencing court has authority to impose a fine. *Commonwealth v. Ford*, 217 A.3d 824, 829 (Pa. 2019). Evidence to support a determination that a defendant has an ability to pay a fine can include monthly income, expenses, and family status. *E.g.*, *Commonwealth v. Stock*, 499 A.2d 308, 316–17 (Pa. Super. 1985). The court is not limited to the testimony of the defendant and may consider any evidence, including the contents of a pre-sentence

investigation. *Ford*, 217 A.3d at 831 n.14. A court does not violate this section merely because paying a fine will require the defendant "to make substantial sacrifices." *Stock*, 499 A.2d at 317.

We have previously found evidence of prior drug transactions insufficient to show a present or future ability to pay a fine. In *Commonwealth v. Mead*, 446 A.2d 971, 973–74 (Pa. Super. 1982), a defendant received $700.00 from undercover officers in a drug deal and was involved in other drug deals. This was insufficient, absent any other evidence of his income, debt, and family situation, to show that he could pay a $5,000.00 fine. *Id.* at 974.

Likewise, evidence that a drug dealer had no "[visible] employment record except self employment" was insufficient to determine that he had the ability to pay a $2,000.00 fine. *Commonwealth v. Gaskin*, 472 A.2d 1154, 1157–58 (Pa. Super. 1984). Even evidence that a drug dealer expected to have a job upon release from prison, without evidence of his expected weekly salary, was insufficient. *Fusco*, 594 A.2d at 355–56.

Here, the resentencing court explained the basis for its decision to impose a fine as part of its sentence:

> In the instant case, the court did consider the evidence of record including the defendant's lifestyle, housing, and illicit income in imposing the fine. First, the court knew in imposing the sentence that it could not rely upon any source of evidence from Mr. Beatty in reporting his true level of drug income, as he continued to maintain his innocence. The court heard testimony from witnesses in the case as to the scope, duration, and extent of Mr. Beatty's illicit activities as a drug dealer and had concluded that they were extensive in scope and long in duration. It would stretch the boundaries of credulity for the court to be required,

before imposing a fine, to expect Mr. Beatty to turn over his records of illicit drug income to the court for consideration. Nor should the court be prohibited from imposing a fine due to [the] defendant's recalcitrance in denying his drug dealing business.

Accordingly, the court must look to secondary sources of evidence in determining whether a fine is appropriate with an individual who engaged in a steady stream of illicit drug dealing and illicit revenue generation. The court did so in this case. Amongst the evidence presented during the case, which the court found credible for sentencing purposes, was both testimony and photographic evidence of where Mr. Beatty lived in 2016. [P]ictures of his home were presented during the course of the trial.[2] The pictures revealed a well-kept brick home in York City. In the course of the case, defense counsel attempted to raise questions about whether the residence was in fact Mr. Beatty's personal home or whether it belonged to his family. For purposes of sentencing and with the scope of the fine, it does not matter to the court's analysis whether defendant owned, rented, or lived there for free. The evidence reflected Mr. Beatty had sufficient means to own or rent the home. Or, in the alternative, if it was indeed a home belonging to his family[,] Mr. Beatty then had the opportunity to live there potentially rent free, leaving him with additional disposable income from his drug dealing. Under either alternative, Mr. Beatty's residence demonstrated that he was a person of significant means, based upon where he was living in the city and the nature of the abode in which he resided.

The testimony at trial also revealed that Mr. Beatty had lived at the house for more than a passing period of time. The testimony of Shane Ditzler at trial described the house as "his" house, not the house of his family. Shane Ditzler, who was one of Mr. Beatty's regular drug customers[,] indicated that he had been inside the house at least 50 times. At the time of the initial sentencing the court noted that it found the testimony of Mr. Ditzler and Mr. Beatty's other customers in the case to be credible on this point. Accordingly, based upon the evidence at trial in imposing the fine, the court was aware of the high life style that Mr. Beatty was living, that he had been at the premises for a

_____

2 The prosecutor displayed images in an online street view map while a witness guided him to where Beatty lived. N.T., Trial, 11/1/18, 395–398. The prosecutor did not enter any pictures of this house into evidence.

significant period of time, that he was engaged in a lengthy period of drug dealing and from which he was generating revenue.

Mr. Beatty was a defendant in a case in which he was accused of conspiracy to deliver heroin. As indicated, the court found testimony of his co-conspirators/customers that he was engaged in activity on an extensive and ongoing basis to be credible. From the evidence, this court concluded that Mr. Beatty had substantially profited from the illicit distribution of illegal drugs in the York community over a lengthy period of time. The evidence supports these points. The fact that we do not have an accounting register of his profiteering cannot limit the court in imposing a fine to dissuade those profiteering from distributing deadly drugs on the streets of our cities from their illicit craft. Nor should the court be handcuffed from imposing any fine due to a long-term drug dealer's self-serving declarations that they cannot afford to pay such a fine.[fn1] The court finds any such positing by [the] defendant in this case to be completely incredible upon receipt, as the evidence overwhelmingly supports, beyond a reasonable doubt, that Mr. Beatty had greatly profited from the sale of deadly drugs over an extensive period of time.

---

[fn1] The court must base its sentence upon some evidence of record, which it has done in this case. This evidence is not financial records, but rather evidence of defendant's lifestyle and the scope of his illicit enterprise and income.

---

Resentencing Court Opinion, 12/15/21, at 2–4 (brackets and record citation omitted).

The resentencing court's thorough explanation shows that it relied only on evidence of Beatty's past lifestyle in determining that Beatty had the present or future ability to pay the $35,000.00 fine imposed. The record evidence the court cited was that in 2016, Beatty lived in a nice house, and he profited substantially from selling drugs over a lengthy period. Resentencing Court Opinion, 12/15/21, at 2–4. However, this evidence only reflects Beatty's previous financial situation, based largely on illegal activity.

The evidence that Beatty was previously able to enjoy a high lifestyle does not show that he will be able to pay a substantial fine when he is released from prison. We agree with the resentencing court that expecting a drug dealer to supply accurate records of his drug dealing business would be unrealistic.[3] Nevertheless, the record contains no indication that Beatty retained any revenue from selling drugs, no matter how substantial his operation was. Obviously, he cannot resume this business once he is released. As such, the evidence of Beatty's past lifestyle was minimally probative as to his ability to pay the $35,000.00 fine imposed.

Rather, Section 9726(c) requires record evidence of a **present or future** ability to pay. This could include evidence of Beatty's present or expected future income, property, education, skills, legal work history, and family situation.[4] **See Stock**, **supra**. The resentencing court did not indicate that it considered any such evidence. As in **Mead**, **supra**, and **Fusco**, **supra**, the evidence that the court did consider is inadequate to show a present or

_____

[3] The ability to pay is not a defendant's burden to bear. **Ford**, 217 A.3d at 829; **Fusco**, 418 A.2d at 375 n.1. Instead, to impose a fine, a sentencing court must consider record evidence, regardless of who provides it.

[4] The Commonwealth supplies additional evidence to show Beatty's ability to pay a fine—his monthly royalty checks, his intent to learn a trade while incarcerated, and his statement that it would be hard for him to pay. Commonwealth's Brief at 20–23. However, the resentencing court did not rely on this evidence. Its opinion does not refer to Beatty's royalty checks, his plans to learn a trade, or any other information from the Pre-Sentence Report concerning his financial situation. Furthermore, the court interpreted Beatty's statement as meaning that he could **not** afford to pay the fine, and the court discredited this statement. Resentencing Court Opinion, 12/15/21, at 3.

future ability to pay this substantial fine. Therefore, under these circumstances, the resentencing court's imposition of a $35,000.00 fine, based on the evidence it cited, was manifestly unreasonable and therefore an abuse of discretion.

The Commonwealth warns that requiring certainty about future ability to pay a fine will preclude any court from imposing a fine in addition to a long period of incarceration. Commonwealth's Brief at 21–22. We observe that Section 9726(c) requires only that a defendant's present or future ability to pay "appears of record" before the court can impose a fine. The statute does not require certainty, nor have our cases inferred such a requirement. What is required is that the sentencing court consider record evidence of ability to pay, and that it must appear from the evidence considered that "the defendant is or will be able to pay the fine." Here, the evidence the resentencing court identified does not support a finding that Beatty has the present or future ability to pay the fine the court imposed.

Therefore, we will vacate the resentencing court's imposition of a fine and remand for resentencing.[5] On remand, the resentencing court should consider record evidence of whether Beatty has the present or future ability

---

[5] This is consistent with our disposition of prior cases. *E.g.*, *Commonwealth v. Snyder*, 251 A.3d 782, 797 (Pa. Super. 2021); *Fusco*, 594 A.2d at 375; *Mead*, 446 A.2d at 974. In a case involving a negotiated plea bargain, our Supreme Court reasoned that vacating only the fine would upset the bargain; therefore, it was proper to vacate the entire sentence. *Ford*, 217 A.3d at 266–67. Here, there was no plea bargain, so there is little reason to disturb Beatty's term of imprisonment as well as his fine.

to pay any non-mandatory fine it imposes. As noted, this may include additional evidence of Beatty's current and expected income, assets, education, skills, work history, and family situation. The resentencing court may hold an ability-to-pay hearing as it deems necessary.

Judgment of sentence affirmed in part and vacated with respect to fines. Case remanded for resentencing on fines. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2022