J-S32043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SALVADOR LEMUS LOPEZ | |
| Appellant | No. 2771 EDA 2016 |

Appeal from the Judgment of Sentence July 28, 2016
in the Court of Common Pleas of Chester County Criminal Division
at No(s): CP-15-CR-0002047-2014

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 12, 2017**

Appellant, Salvador Lemus Lopez, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas after he pleaded guilty to possession with intent to deliver cocaine,[1] criminal conspiracy,[2] and corrupt organizations.[3]  He challenges the discretionary aspects of his sentence.  We affirm.

The facts are unnecessary for our disposition.  We adopt the procedural history set forth by the trial court's decision:

> On July 8, 2014, the Commonwealth charged Appellant with 2,376 violations of the Controlled Substance, Drug, Device and Cosmetic Act and related crimes.  On March 7,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 911(b).

2016, Appellant entered open guilty pleas to twenty-five counts of delivery, or possession with intent to deliver cocaine, and one count each of criminal conspiracy and corrupt organizations. On June 16, 2016, we sentenced Appellant to a [sic] serve a total term of incarceration of 27 years, 8 months, to 55 years, 4 months. We determined that Appellant was an "eligible offender" under the Recidivism Risk Relation Incentive (RRRI), 61 Pa.C.S. § 4505(a), and imposed a RRRI minimum sentence of slightly more than 23 years. Appellant filed a timely motion for modification of this sentence, which the Court granted at a hearing held on July 28, 2016. At that time we resentenced Appellant to serve a total term of incarceration of 19 to 38 years. The RRRI minimum sentence imposed that day was 15.83 years.

* * *

Appellant was also given credit for time served of approximately 27 months.

Trial Ct. Op., 12/22/16, at 1-3 (some citations omitted). This appeal followed. Appellant filed a court ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the trial court filed a responsive opinion.

Appellant raises the following issues for our review:

I. Did the trial court abuse its discretion imposing an aggregate sentence of nineteen (19) years to thirty-eight (38) years' state incarceration?

* * *

II. Did the trial court err in imposing fines totaling $225,000? Was there evidence of record that Appellant would be able to pay the fines pursuant to 42 Pa.C.S. § 9726(c)?

Appellant's Brief at 4.

In the case *sub judice*,

- 2 -

[i]nitially, we must determine whether [Appellant] has the right to seek permission to appeal the sentencing court's exercise of its discretion. Where a defendant pleads guilty without any agreement as to sentence, the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing.

*Commonwealth v. Brown*, 982 A.2d 1017, 1018-19 (Pa. Super. 2009) (citation omitted). Instantly, there was no agreement as to sentencing, thus Appellant has the right to seek permission to appeal. *See id.* at 1019.

This Court has stated, "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations and quotation marks omitted).

[A]n appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f);[4] and (4) whether there is a

---

[4] Rule 2119(f) provides as follows:

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

> substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015) (some citations omitted).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> * * *
>
> Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement. Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question.

***Commonwealth v. Moury***, 992 A.2d 162, 170–71 (Pa. Super. 2010) (citations omitted); ***see also Dodge***, 77 A.3d at 1270 (citing ***Moury*** with approval).

In the instant case, Appellant filed a timely notice of appeal and preserved the issue in a motion for reconsideration of sentence. Appellant included a concise statement of reasons relied upon for allowance of appeal in which he "asserts that a substantial question exists in that he was

---

Pa.R.A.P. 2119(f).

sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable as applied." Appellant's Brief at 14.[5] Appellant argues the court "failed to give appropriate weight to Appellant's age and lack of a prior record in fashioning its sentence." *Id.* at 15. He contends that

---

[5] We acknowledge

> that this Court is not persuaded by bald assertions or the invocation of special words in a concise statement of reasons; [t]o the contrary, a concise statement must articulate the way in which the court's conduct violated the sentencing code or process.

*Commonwealth v. Cannon*, 954 A.2d 1222, 1229 (Pa. Super. 2008) (citations and quotation marks omitted). However, in *Commonwealth v. Shugars*, 895 A.2d 1270 (Pa. Super. 2006), the appellant "failed to provide a Rule 2119(f) statement in his brief." *Id.* at 1274. This Court opined: "[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)." *Id.* (citation omitted). Instantly, the Commonwealth did not object to the Rule 2119(f) statement. The Commonwealth contends Appellant

> has failed to set forth sufficient reasons for this Court to grant the allowance of appeal with respect to the discretionary aspects of the sentence. Specifically [Appellant] has failed to demonstrate that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. [Appellant's] only attempt at raising a substantial question is his claim that the application of the guidelines are clearly unreasonable as applied. (Appellant Brief at 14).

Commonwealth's Brief at 10. Thus, we will review the claim. *See Shugars*, 895 A.2d at 1274.

[t]he imposed sentences were within the sentencing guideline. As applied consecutively, however, considering Appellant's age, it created a *de facto* life sentence which is disproportionate with the gravity of the offenses, protection of the community, and [A]ppellant's rehabilitative needs. In that regard the sentences were unreasonable . . . .

*Id.* at 19-20. We find Appellant has raised a substantial question. **See**

**Moury**, 992 Ad.2d at 170.

Our standard of review is as follows:

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Furthermore,

section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the

sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S. § 9721(b) is exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-76 (Pa. Super. 2012)

(alterations and some internal citations omitted). Our Supreme Court has

stated:

Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. **Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.**[6] This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing

---

[6] The trial court ordered and received a presentence report. ***See*** Docket at 420.

considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) (emphasis added);

***see also Commonwealth v. Diaz***, 867 A.2d 1285, 1286, 1288 (Pa. Super. 2005) (rejecting the seventy-four year old defendant's claim that his sentence of twelve to twenty-four years' imprisonment was a virtual life sentence and, therefore, manifestly excessive where the trial court reviewed all evidence before it, including a pre-sentence report).

This Court has held that

> 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. ***Commonwealth v. Johnson***, 873 A.2d 704, 709 n.2 (Pa. Super. 2005); ***see also Commonwealth v. Hoag***, [ ] 665 A.2d 1212, 1214 ([Pa. Super.] 1995) (explaining that **a defendant is not entitled to a "volume discount" for his or her crimes**).

***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005) (some citations omitted and emphasis added). In the case *sub judice*, the trial court opined:

> We granted reconsideration of Appellant's original sentence because we were uncomfortable with its length, given Appellant's age (67) and life expectancy (approximately 85 years). We then imposed a 19 to 38 year sentence, with a minimum RRRI sentence of 15.83 years. Appellant was also given credit for time served of approximately 27 months. We specifically noted that the minimum sentence imposed was less than his projected life expectancy. Thus, the challenged sentence makes

> Appellant eligible for parole at the age of 81, allowing him to see "the light at the end of the tunnel."
>
> In addition, prior to imposing Appellant's sentence, the [c]ourt considered the factors set forth in 42 Pa.C.S.A. § 9721(b)[7], specifically "the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the sentencing guidelines. We noted during his first hearing that while Appellant was not a drug "kingpin," he was in fact the leader of his own drug enterprise.

Trial Ct. Op. at 3 (some citations omitted).[8] We agree no relief is due.

In the case *sub judice*, the trial court had the benefit of a presentence report. *See Devers*, 546 A.2d at 18. The trial court considered the factors set forth in Section 9721. *See Bricker*, 41 A.3d at 875-76; *Marts*, 889 A.2d at 612. We discern no abuse of discretion. *See Bricker*, 41 A.3d at 875-76.

---

[7] Section 9721 provides in pertinent part as follows:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

[8] We note that in *Dodge*, this court affirmed the judgment of sentence of forty years, seven months' to eighty-one years and two months' incarceration for "forty counts of receiving stolen property, two counts of burglary, two counts of criminal trespass, and one count each of possession of a small amount of marijuana, possession of drug paraphernalia, and unauthorized use of a motor vehicle." *Dodge,* 77 A.3d at 1267 (footnote omitted).

Lastly, Appellant contends the trial court erred in imposing fines totaling $225,000. Appellant avers that

> [t]he Sentencing Code provides that the [c]ourt not sentence a defendant to pay a fine unless it appears of record that the defendant will be able to pay the fine. 42 Pa.C.S.A. § 9726(c). Further, the Sentencing Code provides that the [c]ourt take into account the defendant's financial resources and the nature of the burden the payment will impose. 42 Pa.C.S.A. § 9726(d). The [c]ourt did not make a determination regarding Appellant's financial resources or the burden the fines would impose.
>
> \* \* \*
>
> The court found that the money subject to forfeiture which included $40,000 seized from Appellant's home and $88,000 seized from bank accounts, should be applied to Appellant's fines and costs. Other than this determination, the court did not take into account Appellant's financial resources and did not consider the burden imposed. It does not appear of record how Appellant would be able to pay the fines imposed.

Appellant's Brief at 29-30.

In **Commonwealth v. Boyd**, 73 A.3d 1269 (Pa. Super. 2013) (*en banc*), this Court held that

> a claim that the trial court failed to consider the defendant's ability to pay a fine can fall into several distinct categories. First, a defendant may claim that there was no record of the defendant's ability to pay before the sentencing court. In the alternative, a defendant may claim that the sentencing court did not consider evidence of record. Finally, a defendant may claim that the sentencing court failed to permit the defendant to supplement the record.
>
> After reviewing these categories, we conclude that only the first type of claim qualifies as non-waivable . . . . Section 9726(c) requires that it be "of record" that the defendant

- 10 -

can pay the fine. Therefore, an argument that there was no evidence of the defendant's ability to pay constitutes a claim that the fine was imposed in direct contravention of a statute. Furthermore, a complete lack of evidence in the record would be apparent from the face of the record and would not require the application of reasoning or discretion on the part of the appellate court. Accordingly, we conclude [ ] that a claim raising the complete absence of evidence of the defendant's ability to pay is not subject to waiver for a failure to preserve the issue in the first instance.

In contrast, the other categories of claims concerning the sentencing court's consideration of the defendant's ability to pay are subject to waiver . . . . These claims would require the application of discretionary reasoning to the record before the sentencing court. Section 9726(c) does not require the sentencing court to credit any specific testimony. Nor does it require that the sentencing court hold a hearing on the issue. **So long as there is some evidence of record regarding the defendant's ability to pay, arguments over the scope and weighting of such evidence implicate the discretionary aspects of the sentence imposed**. Therefore, these categories of claims are subject to waiver for failure to preserve the claim in the first instance.

*Id.* at 1273-74 (some citations omitted and emphasis added).

In the case *sub judice*, Appellant's claim raises a challenge to the discretionary aspect of his sentence. *See id.* Appellant's statement of the reasons to allow the appeal from the discretionary aspects of his sentence does not raise the issue of the amount of the fine. *See Leatherby*, 116 A.3d at 83. However, the Commonwealth has not raised an objection to the failure to raise the issue in the statement of reasons to allow the appeal. Moreover, Appellant contends a specific provision of the Sentencing Code was violated, which raises a substantial question. *See Commonwealth v.*

- 11 -

*Fusco*, 594 A.2d 373, 374 (Pa. Super. 1991)  Therefore, we will address Appellant's claim.  *See id.*; *Shugars*, 895 A.2d at 1274.

A court may impose a fine where:

> **(b) Fine as additional sentence.**—The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:
>
> > (1) the defendant has derived a pecuniary gain from the crime; or
> >
> > (2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.
>
> **(c) Exception.**—The court shall not sentence a defendant to pay a fine unless it appears of record that:
>
> > (1) the defendant is or will be able to pay the fine; and
> >
> > (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.
>
> **(d) Financial resources.**—In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.

42 Pa.C.S. § 9726(b)-(d).

"Imposition of a fine is not precluded merely because the defendant cannot pay the fine immediately or because he cannot do so without difficulty."  *Commonwealth v. Thomas*, 879 A.2d 246, 264 (Pa. Super. 2005) (citing *Commonwealth v. Church*, 522 A.2d 30, 33 (Pa. 1987)).

The trial court opined:

> Prior to imposing the fines, the [c]ourt took into account Appellant's financial resources, and specifically noted that $40,000 in cash had already been seized from his home and an additional $88,000 seized from his bank account. Accordingly, at the time of the sentencing, evidence appeared "of record," of Appellant's ability to pay a significant portion of the fines imposed. Yet to be determined is the value of any other property that Appellant may own here in the United States or in Mexico where he frequently traveled. It was established during the investigation that Appellant was able to come up with tens of thousands of dollars to purchase cocaine. Other funds are likely to be discovered. Since a fine is a permissible additional punishment where, as here, "the defendant has derived a pecuniary gain from the crime," the challenged fines were properly imposed.

Trial Ct. Op. at 5 (citations omitted).

In the case *sub judice*, the trial court considered Appellant's financial resources and his ability to pay the fine imposed. ***See*** 42 Pa.C.S. § 9726(b)-(d); ***Boyd***, 73 A.3d at 1273-74; ***Thomas***, 879 A.2d at 264. We discern no abuse of discretion by the trial court. ***See Boyd***, 73 A.3d at 1274. Accordingly, after examining the record as a whole, we affirm the judgment of sentence. ***See id.***; ***Devers***, 546 A.2d at 18.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2017

- 13 -